UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| AMC FABRICATION, INC., | ) | 2:12-cv-00146-LDG-CWH |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| KRD TRUCKING WEST, INC., *et al.*, | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendant Kenneth S. Drenth's Motion to Stay Discovery and Disclosure Obligations (#37), filed May 4, 2012; Plaintiff's Response (#40), filed May 10, 2012; and Defendant's Reply (#41), filed May 21, 2012.

**BACKGROUND**

The parties filed a proposed discovery plan and scheduling order on April 25, 2012. In a footnote, the parties set forth a dispute that arose during the Rule 26(f) conference regarding the discovery obligations, if any, of Defendant Kenneth Drenth ("Drenth"). Drenth, through his counsel, took the position that, until the Court determined whether it had personal jurisdiction over Drenth, he should not be required to participate in party-related discovery or make initial disclosures. Plaintiff disagreed. *See* Docket (#31) at n. 2. On May 2, 2012, the Court held a hearing on the proposed discovery plan. After hearing arguments from counsel, the Court indicated that it would enter a standard discovery order. The Court also requested that the parties brief the question of whether discovery should be stayed as against Drenth pending resolution of his motion to dismiss asserting that the Court does not have personal jurisdiction over him.

The parties agree on the general governing law as it relates to requests to stay discovery pending resolution of Rule 12 motion to dismiss, but disagree on its application. Drenth argues (1) that a stay should be granted "because requiring [him] to participate in discovery would

1  frustrate [his] jurisdictional defense" and (2) that the stay would cause no prejudice as the
2  remaining parties are in possession of any relevant documents regarding the asserted claims.
3  *See* Def.'s Mot. (#37) at 2:20-27.  Plaintiff argues (1) that staying discovery based on a
4  "jurisdictionally-based dismissal motion" is not automatic; (2) that, even if granted, the stay
5  would not obviate Rule 26(a)'s initial disclosure requirements; (3) that a stay would simply make
6  discovery tactically inconvenient by forcing Plaintiff to seek discovery through nonparty means;
7  and (4) that, even if the stay is granted, Plaintiff should be able to conduct jurisdictional
8  discovery.

## DISCUSSION

10  The parties agree regarding the standards governing requests to stay discovery pending
11  resolution of a dispositive motion.  Courts have broad discretionary power to control discovery.
12  *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  In *Tradebay, LLC v. eBay,*
13  *Inc.*, 278 F.R.D. 597 (D. Nev. 2011), the court undertook a detailed and thorough review of the
14  state of the law as pertains to staying discovery when a dispositive motion is pending.  The court
15  determined that, in light of the directive in Rule 1 to construe the Federal Rules of Civil
16  Procedure in a manner to "secure the just, speedy, and inexpensive determination of every
17  action," the preferred approach remains as was previously set forth in *Twin City Fire Insurance*
18  *v. Employers of Wausau*, 124 F.R.D. 652 (D. Nev. 1989) and *Turner Broadcasting System, Inc.*
19  *v. Tracinda Corp.*, 175 F.R.D. 554 (D. Nev. 1997).   Generally, a pending dispositive motion is
20  not "a situation that in and of itself would warrant a stay of discovery." *See Turner Broadcasting*,
21  175 F.R.D. at 554, 555-6 (quoting *Twin City*, 124 F.R.D. at 653).  However, preliminary issues
22  such as jurisdiction, venue, or immunity are common situations that may justify a stay.  *See Twin*
23  *City*, 124 F.R.D. at 653.
24  The party seeking a stay of discovery "carries the heavy burden of making a strong
25  showing why discovery should be denied." *Tradebay*, 278 F.R.D. at 601 (citing *Turner*
26  *Broadcasting*, 175 F.R.D. at 556.  An overly lenient standard for granting requests to stay would
27  result in unnecessary delay in many cases.  Courts generally insist on a particular and specific
28  demonstration of fact as opposed to merely conclusory statements that a stay is warranted.  *Twin*

- 2 -

1  *City*, 124 F.R.D. at 653.  Evaluation of a request for a stay often requires a magistrate to take a
2  "preliminary peek" at a pending dispositive motion.  This "preliminary peek" is not intended to
3  prejudge the outcome, but to evaluate the propriety of a stay of discovery "with the goal of
4  accomplishing the objectives of Rule 1." *Tradebay*, 278 F.R.D. at 601 (citation omitted).  That
5  discovery may involve inconvenience and expense is not sufficient, standing alone, to support a
6  stay of discovery.  *Turner Broadcasting*, 175 F.R.D. at 556.

7  Whether the Court has personal jurisdiction over Defendant Drenth is a critical
8  preliminary question.  However, it is not a question that <u>mandates</u> a stay of discovery.  The Court
9  retains its discretion to determine whether discovery should go forward.  *See Holiday Systems,*
10 *Intern. of Nevada v. Vivarelli, Schwarz, and Associates*, 2012 WL 3860824 (D. Nev) (finding
11 that a magistrate judge does not abuse his discretion when he denies a stay based solely on a
12 motion challenging personal jurisdiction).  Nevertheless, it is the undersigned's view that a
13 pending motion challenging jurisdiction strongly favors a stay, or at minimum, limitations on
14 discovery until the question of jurisdiction is resolved.  *See Liberty Media Holdings, LLC v.*
15 *Letyagin*, 2012 WL 3135671 *5 (D. Nev.) ("A defendant should not be required to engage in
16 expensive and burdensome discovery in a court that has no jurisdiction over him.") (citation
17 omitted).

18 "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears
19 the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach*
20 *Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).  To meet this burden, a plaintiff must
21 demonstrate that personal jurisdiction over a defendant is (1) permitted under the applicable
22 state's long-arm statute and (2) that the exercise of jurisdiction does not violate federal due
23 process.  *Id*.  The Court must analyze whether personal jurisdiction exists over each defendant
24 separately.  *Harris Rutsky & Co. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir.
25 2003).  Generally, when determining personal jurisdiction the court accepts as true any
26 uncontroverted allegations in the complaint and resolves conflicts between the facts contained in
27 the parties' evidence in the plaintiff's favor.  *Glencore Grain Rotterdam B.V. v. Shivnath Rai*
28 *Harnarain Co.*, 284 F.3d 1114, 1119 (9th Cir. 2002).  However, for personal jurisdiction

purposes, a court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Alexander v. Circus Circus Enters., Inc.*, 972 F.2d 261, 262 (9th Cir. 1992) (quotation omitted).

Subject matter jurisdiction in this matter is predicated on a federal question and, as such, "the exercise of personal jurisdiction over a non-resident defendant must be authorized by a rule or statute and consonant with the constitutional principles of due process." *Glencore Grain*, 284 F.3d at 1123. Because there is no applicable federal statute governing personal jurisdiction, the starting point is Nevada' long-arm statute, which provides that a court may exercise personal jurisdiction over a defendant to the full extend permitted by due process. *Id*.; *see also* NRS 14.065 ("A court of this state may exercise jurisdiction over a party to a civil action on any basis not inconsistent with the . . . Constitution of the United States."). Federal law is controlling on the issue of due process under the United States Constitution. *E.g.*, *Data Disc, Inc. v. Sys. Tech. Assoc. Inc.*, 557 F.2d 1280, 1286 n.3 (9th Cir. 1977). Thus, analysis of personal jurisdiction under Nevada's long-arm statute and the Constitution collapses and the Court considers only whether the exercise of jurisdiction over Drenth comports with due process.

To satisfy federal due process standards, a nonresident defendant must have "minimum contacts" with the forum state such that the assertion of jurisdiction does not offend traditional notions of fair play and substantial justice. *Pebble Beach Co.*, 453 F.3d at 1155 (citation omitted). A federal court may exercise either specific or general jurisdiction over a defendant. *Helicopteros Nacionales de Columbia S.A. v. Hall*, 466 U.S. 407, 414-15 (1984). To establish general jurisdiction a plaintiff must demonstrate that the defendant has sufficient contacts to "constitute the kind of continuous and systematic general business contacts that approximate physical presence." *Glencore Grain*, 284 F.3d at 1124 (citations and quotations omitted). A nonresident defendant's contacts with the forum state may permit the exercise of specific jurisdiction if: (1) the defendant has performed some act or transaction within the forum or purposefully availed himself of the privileges of conducting activities within the forum, (2) the plaintiff's claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. *Pebble Beach Co.*, 453 F.3d at 1155-56.

1    The parties appear to agree that only specific jurisdiction is available here.  The primary
2 argument advanced by Defendant Drenth appears to be that exercising personal jurisdiction over
3 him would be inappropriate because his contacts with Nevada have been solely "in his
4 representative capacity for the Defendant Corporations."  *See* Def.'s Motion (#29) at 6:18-26.
5 This defense, often referred to as the "fiduciary shield doctrine," says that "a person's mere
6 association with a corporation that causes injury in the forum state is not sufficient in itself to
7 permit that forum to assert jurisdiction over the person."  *Davis v. Metro Prods., Inc.*, 885 F.2d
8 515, 520 (9th Cir. 1989).  Application of the doctrine is limited.  *Klein v. Freedom Strategic*
9 *Partners, LLC*, 595 F.Supp.2d 1152, 1158 (D. Nev. 2009).  As noted in *Klein*, "although the
10 Court cannot acquire personal jurisdiction over employees based on their employers' forum
11 activities, their status as employees does not somehow insulate them from jurisdiction."  *Id.* at
12 1159 (citations and quotations omitted).

13    This motion to stay (#37) creates a difficult situation.  In the undersigned's view the
14 record is not clear and, based on the standards set forth above, the undersigned is not convinced
15 that exercising personal jurisdiction over Defendant Drenth in his individual capacity is
16 appropriate.  Normally, "discovery should . . . be granted where pertinent facts bearing on the
17 question of jurisdiction are controverted <u>or</u> where a more satisfactory showing of the facts is
18 necessary."  *Laub v. U.S. Dept. of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (citation
19 omitted) (emphasis added); *see also Klein*, 595 F.Supp.2d at 1160 (because jurisdictional
20 discovery would parallel ongoing discovery on the merits of the case, "granting jurisdictional
21 discovery separate from general discovery would be inefficient").  Nevertheless, how the
22 undersigned sees the jurisdictional picture may be very different from how the assigned district
23 judge will see the jurisdictional picture.  And, ultimately, it is the assigned district judge who will
24 make the ultimate determination on whether there is personal jurisdiction.  Given this, the
25 undersigned finds it more prudent to grant the requested stay and defer the question of whether
26 jurisdictional discovery is necessary to the assigned district judge in his determination of the
27 merits of Drenth's motion to dismiss (#29).  As a result, traditional party discovery should not go
28 forward as against Drenth in his individual capacity (i.e., Rule 26(a) disclosures, Rule 33

interrogatories, Rule 34 requests, or Rule 36 requests for admission).  The Court agrees with Drenth that Plaintiff may seek discovery, including jurisdictional discovery, through the use of nonparty discovery methods.  *See* Def.'s Mot. (#37) at n. 4.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Kenneth S. Drenth's Motion to Stay Discovery and Disclosure Obligations (#37) is **granted**.

DATED this 10th day of October, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge